In the Matter of JOHN H. McQUADE et al., Petitioners, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents. (2 Proceedings.)

Supreme Court, Special Term, Kings County, August 8, 1950.

*Max M. Bernstein* and *Sidney Squire* for petitioners.

*Jule L. Maisel* for respondents.

*John P. McGrath, Corporation Counsel (Beatrice Dunn* of counsel), for Board of Elections of the City of New York, respondent.

POWERS, J. The petitioners seek to invalidate the designating petitions of various candidates for public and party offices in the Democratic party for the Sixth Assembly District, County of Kings.

As to particular objections made for alleged irregularities on the various pages of the petitions and pursuant to stipulations entered into by counsel for the respective parties during the hearing for party position of State committeemen, female, formal objections as to Helen McNeill are sustained as to twenty-

four signatures and overruled as to four. For the nomination of the Assemblyman, Democratic party, George Sutter, objections are sustained as to 358 signatures and overruled as to seventy. For the nomination of Representative in Congress, Democratic party, Charles Kleinberg, objections are sustained as to 358 signatures and overruled as to seventy.

There were objections made as to many signatures on petitions for the reason that a signature after having been affixed to the petition was stricken out. There is no proof as to when such signatures were stricken or any proof of fraud in connection therewith. All of such objections are therefore overruled.

With respect to the objections in which it is alleged for the 26th, 33d and 34th Election Districts that the signatures were appended prior to the insertion of the names of the county committeemen no proof sufficient to establish such fact was made and the objections thereon are overruled.

Objections with respect to page 320 of the designating petitions of an obliterated signature, the objection with respect thereto is sustained.

Objections raised as to pages 352 and 353 where the subscribing witness in the month of June gave his address as one place and in the month of July gave his address as another, no proof has been offered to show the exact address at the respective times where the subscribing witness signed such petitions and failure to do so leaves open the possibility that in fact the subscribing witness may have resided at one address at one time and have moved to another at another time. These objections are therefore overruled.

Petitioners make a general overall attack alleging fraud with respect to 1,513 signatures. From these may be eliminated immediately those obtained by Sol Becker, Ellen O'Donnell and Yetta Hess, totaling ninety-two signatures, and leaving a net of 1,421 for present consideration.

It is the contention of the petitioners that those subscribing witnesses who obtained the remaining 1,421 signatures under consideration engaged in the conspiracy in a fraudulent attempt to deceive the enrolled voters of the Sixth Assembly District and who were signatories to the petitions procured by the alleged conspirators. It has been found in a previous proceeding in this court that Jule L. Maisel was not actually domiciled at his claimed address when he registered as an enrolled voter of the Democratic party in the fall of 1949 in the Sixth Assembly District. It is alleged the aforesaid subscribing witnesses were either relatives by blood or marriage of said Jule L. Maisel

and the other subscribing witnesses were close personal and political friends of Mr. Maisel and that all of said subscribing witnesses knew that Mr. Maisel was not actually domiciled at his claimed 1949 address and with such knowledge, and knowing that he was not qualified to be a candidate in the Sixth Assembly District, nevertheless engaged in a conspiracy to conceal such fact and attempt to nominate him by procuring the signatures which they did on the nominating petitions. Some of these subscribing witnesses testified in the present proceeding. The court will describe their intelligence as being average. Nothing in their testimony was brought out by anybody to show that they actually did knowingly engage in a conspiracy to conceal true facts from those persons who signed the designating petitions and further concealed from such persons the fact that Mr. Maisel was not qualified to be a candidate in the Sixth Assembly District. No legal determination as to Mr. Maisel's qualifications was made until recently. Many people are still of the opinion that a person may maintain what is commonly known as a voting address in disregard of the provisions of law requiring actual domicile. In the absence of proof indicating the extent of the knowledge of the subscribing witnesses as to the exact status of Mr. Maisel's domicile, this court is unwilling inferentially to find on the evidence that the subscribing witnesses complained against did in fact enter into a conspiracy with knowledge and intent to commit a fraud. To establish such fraud the evidence must be clear and convincing and must be supported by ample proof. A broad general accusation requiring a finding to be supported largely by inferences is not sufficient to sustain the petitioners' objections. On the whole I find as a fact there are sufficient valid signatures to validate the designation of the candidates named in the petitions.

Accordingly, the petitions are dismissed.