■ In the Matter of RICHARD J. BERBARY, Appellant, v KEVIN A. Moss et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 6, 1989 in Albany County, which denied petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming various respondents as the Independent Party candidates for certain offices of the Town of Guilderland in the November 7, 1989 general election.

On August 22, 1989, a petition nominating respondents Kevin A. Moss, William D. Welburn, Anne T. Rose, Steven J.

Simon and Terry M. Coburn (hereinafter collectively referred to as respondents) as Independent Party candidates for certain offices in the Town of Guilderland was filed with the Albany County Board of Elections. Petitioner timely filed objections and thereafter commenced this proceeding, arguing principally that the signatures of certain subscribing witnesses on the petition were invalid. Following a hearing, Supreme Court sustained petitioner's claims to the extent that it invalidated 23 of the 747 signatures in the petition while another two were excluded by stipulation of the parties. However, because this left 722 valid signatures and all that was required was 550, Supreme Court declined to invalidate the petition. This appeal by petitioner followed.

Initially, we reject petitioner's claim that the subscribing witnesses' signatures on sheets Nos. 28, 31, 44, 45, 46, 47, 48, 49 and 51 are invalid because they were altered and the alterations were not properly initialed and explained. The crux of petitioner's argument is that the post-office addresses of these witnesses had been added impermissibly after the witness had already signed the witness statement *(see, Matter of Sheldon v Sperber,* 45 NY2d 788, 789). This contention lacks merit. At the outset, we note that from an examination of the petition it is not clear that the addresses at issue were made by other persons or that they were written with pens different from those used by the subscribing witnesses. Even if those addresses were inserted by other persons, it should be noted that Election Law § 6-140 does not require witnesses to write in such information themselves. All that is required is the signature of the witness. In any event, there is no proof in the record that the disputed information here was supplied by anyone other than the subscribing witnesses or that it was inserted after the witnesses' signing *(see, Matter of Regan v Toole,* 104 AD2d 728, *affd* 63 NY2d 681). Since the validity of witnesses' statements is "entitled to a presumption of regularity" *(Matter of Boyland v Board of Elections,* 104 AD2d 463; *see, Matter of McQuade v Heffernan,* 197 Misc 990, 992, *affd* 277 App Div 947, *affd* 301 NY 665), something more than petitioner's pure speculation is required to invalidate the signatures. Petitioner failed to come forward with any proof to overcome the presumption.

Petitioner's remaining objections to the signatures have been examined and found to similarly be without merit.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.